# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBONE LEROY EAST | CASE NO: 1:11-cv-00932-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE REGARDING THREE STRIKES |
| v. | (Docs. 2, 4) |
| L. TUVERA, et al., | |
| Defendants. | |

**I.  Procedural History**

Plaintiff Ebone Leroy East, is a state prisoner proceeding pro se and in forma pauperis ("IFP").  On June 9, 2011, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 and motioned to proceed IFP.  (Docs. 1, 2).  On June 9, 2011, the Court granted Plaintiff's motion to proceed IFP.  (Doc. 4).

**II.  Three Strikes**

A review of the record of actions and appeals filed by Plaintiff in the United States District Court reveals that Plaintiff filed three or more actions and appeals that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted.  Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis.  Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1  28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

After careful review of the dismissal orders, the Court takes judicial notice that Plaintiff has two prior actions dismissed as frivolous or for failing to stating a cognizable claim under section 1983.[2] Those cases are: 1) *East v. County of Riverside, et al.*, 5:10-cv-01108-UA -E (PC) (C.D. Cal.) (dismissed August 5, 2010, for failure to state a claim since federl court could not review state child support decision) and; 2) *East v. County of San Bernardino, et al.*, 5:10-cv-01381-UA -E (PC) (C.D. Cal.) (dismissed September 21, 2010, for failure to state a claim and defendants entitled to immunity).

The Court finds that a dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) counts as a strike under 28 U.S.C. § 1915(g). The Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Additionally, several other courts have held that dismissals under *Heck* count as strikes under 28 U.S.C. § 1915(g). *See e.g.*, *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."). After careful review of the dismissal orders, the Court takes judicial notice that Plaintiff has four prior actions dismissed under *Heck* for not stating a cognizable claim under section 1983. Those cases are: 1) *East v. Gidcumb, et al.*, 5:09-cv-01105-UA-E (PC) (C.D. Cal.) (dismissed June 17, 2009, for failure to state a claim under *Heck*); 2) *East v. Pace, et al.*, 5:09-cv-01810-UA-E (PC) (C.D. Cal.) (dismissed October 1, 2009, for failure to state a claim under *Heck* and because many of the defendants were immune); 3)

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

[2] Although *East v. California Department of Corrections, et al.*, 1:09-cv-01739-DLB, was dismissed for failure to state a claim, the Court will not count it as a strike since it is currently pending appeal in appellate case numbered: 11-16034. *See Adepegba v. Hammons*. 103 F.3d 383, 387-88 (5th Cir. 1996).

*East v. San Bernardino County*, 5:09-cv-02224-UA-E (PC) (C.D. Cal.) (dismissed December 11, 2009, for failure to state a claim under *Heck*); 4) *East v. Hoops*, 5:10-cv-00949-UA-E (PC) (C.D. Cal.) (dismissed July 8, 2010, for failure to state a claim under *Heck*).

Generally, a dismissal for failure to prosecute does not fall within the plain language of Section 1915(g). However, a court is to carefully evaluate the substance of the dismissal and where the merits of the claim have been determined to be frivolous or malicious, it may constitute as a strike. *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *see also O'Neal v. Price*, 531 F.3d 1146, 1152-53 (9th Cir. 2008) (interpreting the term "dismissed" under section 1915(g) to include when a trial court denies request to file an action without prepayment of the filing fee on the ground that complaint if frivolous and then subsequently terminates the complaint). Moreover, section 1915(e)(2) requires appellate courts to dismiss all frivolous appeals. 28 U.S.C. 1915(e)(2); *see also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436 (D.C. Cir. 2007). Based on the above analysis, the Court finds that appellate cases: 1) *East v. County of Riverside, et al.*, No. 10-56454 (9th Cir. dismissed November 29, 2010); 2) *East v. County of San Bernardino, et al.*, No. 10-56571 (9th Cir. dismissed February 10, 2011) and; 3) *East v. Hoops*, No. 10-56258 (9th Cir. dismissed November 5, 2010), were frivolous appeals and they count as a strikes under Section 1915(g).

In *County of Riverside*, in an order dated November 3, 2010, the appellate court denied Plaintiff's motion to proceed in forma pauperis due to the appellate court's finding that the appeal was frivolous. On November 29, 2010, Plaintiff's appeal was dismissed for failure to prosecute. Similarly in *Hoops*, the appellate court found in its order dated October 12, 2010, that the appeal was frivolous and denied Plaintiff's motion to proceed in forma pauperis. Since Plaintiff failed to timely submit payment for filing fee for his frivolous appeal, on November 29, 2010, the appellate court dismissed the case for failure to prosecute. Once again in *County of San Bernardino*, the appellate court found in its order dated January 11, 2011, that the appeal was frivolous and consequently denied Plaintiff's motion to proceed in forma pauperis. Since Plaintiff failed to timely submit payment for filing fee for his frivolous appeal, on February 10, 2011, the appellate court dismissed the case for failure to prosecute.

It appears to the Court that Plaintiff has three or more strikes and became subject to section 1915(g) well before Plaintiff filed this action on June 9, 2011. Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical injury.

**IV. Conclusion**

Because it appears that the Plaintiff has on three or more prior occasions brought civil actions that have been dismissed as frivolous or for failure to state a claim, the Court HEREBY ORDERS:

1. Plaintiff SHALL SHOW CAUSE within thirty (30) days of the date of service of this order why the abovementioned actions do not count as "strikes" under 28 U.S.C. § 1915(g) and why Plaintiff's IFP status should not be revoked and Plaintiff directed to submit the full $350.00 filing fee.

IT IS SO ORDERED.

Dated:     June 21, 2011

_____
UNITED STATES MAGISTRATE JUDGE