# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBONE LEROY EAST | CASE NO: 1:11-cv-00932-OWW-GBC (PC) |
| Plaintiff, | ORDER REVOKING IFP STATUS PURSUANT SECTION 1915(g) |
| v. | (Docs. 1, 5) |
| L. TUVERA, et al., | |
| Defendants. | |

### I. Procedural History

Plaintiff Ebone Leroy East, is a state prisoner proceeding pro se and in forma pauperis ("IFP"). On June 9, 2011, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 and motioned to proceed IFP. (Docs. 1, 2). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On June 9, 2011, the Magistrate Judge granted Plaintiff's motion to proceed IFP. (Doc. 4). On June 21, 2010, the Magistrate Judge issued an order to show cause as to why Plaintiff's in forma pauperis status should not be revoked pursuant to 28 U.S.C. 1915(g). (Doc. 5). On July 13, 2011, Plaintiff filed a response. (Doc. 8)

### II. Three Strikes

A review of the record of actions and appeals filed by Plaintiff in the United States District Court reveals that Plaintiff filed three or more actions and appeals that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

After careful review of the dismissal orders, the Court takes judicial notice that Plaintiff has three or more prior actions dismissed as frivolous or for failing to stating a cognizable claim under section 1983.[2] Those cases are: 1) *East v. County of Riverside, et al.*, 5:10-cv-01108-UA -E (PC) (C.D. Cal.) (dismissed August 5, 2010, for failure to state a claim since federl court could not review state child support decision); 2) *East v. County of San Bernardino, et al.*, 5:10-cv-01381-UA -E (PC) (C.D. Cal.) (dismissed September 21, 2010, for failure to state a claim and defendants entitled to immunity); 3) *East v. Gidcumb, et al.*, 5:09-cv-01105-UA-E (PC) (C.D. Cal.) (dismissed June 17, 2009, for failure to state a claim under *Heck*)[3]; 4) *East v. Pace, et al.*, 5:09-cv-01810-UA-E (PC) (C.D. Cal.) (dismissed October 1, 2009, for failure to state a claim under *Heck* and because many of the defendants were immune); 5) *East v. San Bernardino County*, 5:09-cv-02224-UA-E (PC) (C.D. Cal.) (dismissed December 11, 2009, for failure to state a claim under *Heck*); 6) *East v. Hoops*, 5:10-cv-00949-UA-E (PC) (C.D. Cal.) (dismissed July 8, 2010, for failure to state a claim under

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

[2] Although *East v. California Department of Corrections, et al.*, 1:09-cv-01739-DLB, was dismissed for failure to state a claim, the Court will not count it as a strike since it is currently pending appeal in appellate case numbered: 11-16034. *See Adepegba v. Hammons*. 103 F.3d 383, 387-88 (5th Cir. 1996).

[3] The Court finds that a dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) counts as a strike under 28 U.S.C. § 1915(g). The Supreme Court in Heck stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Additionally, several other courts have held that dismissals under *Heck* count as strikes under 28 U.S.C. § 1915(g). See e.g., Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim.").

*Heck*).

Plaintiff has three or more strikes and became subject to section 1915(g) well before Plaintiff filed this action on June 9, 2011. In Plaintiff's response to the Court's order to show cause, Plaintiff merely asserts that precluding him from IFP status would violate his constitutional rights. The Court finds Plaintiff's arguments in his response to be without merit. Since Plaintiff was not under imminent danger of serious physical injury at the time the complaint is filed, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis.

**IV. Conclusion**

Based on the foregoing, the Court HEREBY ORDERS:

1. To REVOKE Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g);
2. To VACATE the Court's order on June 9, 2011, directing the Director of the California Department of Corrections and Rehabilitation or his designee to deduct the $350.00 filing fee from Plaintiff's trust account whenever the balance exceeds $10.00;
3. That the Clerk of the Court to serve a copy of this order on (1) the Financial Department, U.S. District Court, Eastern District of California, Fresno Division and (2) the Director of the California Department of Corrections and Rehabilitation via the court's electronic case filing system (CM/ECF); and
4. That Plaintiff pay the $350.00 filing fee in full within thirty (30) days or this action would be dismissed, without prejudice.

IT IS SO ORDERED.

**Dated:   July 22, 2011**          /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE