1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    EBONE LEROY EAST                           CASE NO: 1:11-cv-00932-LJO-GBC (PC)

10                     Plaintiff,             ORDER DISMISSING ACTION FOR
                                              FAILURE TO OBEY COURT ORDER

11    v.
                                            (Doc. 9)

12    L. TUVERA, et al.,

13
14                   Defendants.
   _____/

15
16    **I.**     **Procedural History**

17        Plaintiff Ebone Leroy East, is a state prisoner proceeding pro se and in forma pauperis

18 ("IFP").  On June 9, 2011, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 and

19 motioned to proceed IFP.  (Docs. 1, 2).  The matter was referred to a United States Magistrate Judge

20 pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On June 9, 2011, the Magistrate Judge

21 granted Plaintiff's motion to proceed IFP.  (Doc. 4).  On June 21, 2010, the Magistrate Judge issued

22 an order to show cause as to why Plaintiff's in forma pauperis status should not be revoked pursuant

23 to 28 U.S.C. 1915(g).  (Doc. 5).  After Plaintiff filed a response to the order to show cause, the Court

24 revoked IFP and ordered Plaintiff to pay the filing fee within thirty days of service of the order or

25 the action would be dismissed without prejudice.  (Doc. 9).

26    **II.**    **Failure to Comply With Court Order and Failure to Prosecute**

27        Local Rule 110 provides that "failure of counsel or of a party to comply with these Local

28 Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

'The public's interest in expeditious resolution of litigation always favors dismissal.' *Pagtalunan v. Galaza*, 291 F.3d 639, 642  (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Plaintiff is obligated to comply with the Local Rules and was informed via court order regarding the need pay the filing fee.  (Doc. 9).  The Court's effort was met with silence from Plaintiff, and the Court cannot effectively manage its docket if a party ceases to obey the orders of the court and litigate the case.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish* at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's failure to comply with the Local Rules and the Court's order that is causing delay.  Therefore, the

1    third factor weight in favor of dismissal.

2         As for the availability of lesser sanctions, at this stage in the proceedings there is little

3    available to the Court which would constitute a satisfactory lesser sanction while protecting the

4    Court from further unnecessary expenditure of its scare resources and the statutory requirement that

5    Plaintiff pays the filing fee to proceed with the complaint.   Finally, because public policy favors

6    disposition on the merits, this factor usually weighs against dismissal. *Id.* at 643.  However, "this

7    factor lends little support to a party whose responsibility it is to move a case toward disposition on

8    the merits but whose conduct impedes progress in that direction," *In re Phenylpropanolamine (PPA)*

9    *Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations

10   omitted), as is the case here.

11        In summary, Plaintiff has failed to comply with the Court order to pay the filing fee to

12   comply with 28 U.S.C. 1915 for proceeding with this action.  More than a month has passed since

13   the Court originally ordered Plaintiff to pay the filing fee and Plaintiff has not responded, despite

14   being notified of the requirement via the Court's order specifically directing him to respond.  (Doc.

15   9).

16

17   **III.    Conclusion and Order**

18        Since Plaintiff has failed to respond to the Court's orders on July 22, 2011, the Court

19   HEREBY ORDERS: Plaintiff's action is DISMISSED WITHOUT PREJUDICE for failure to obey

20   court orders.

21

22   IT IS SO ORDERED.

23   **Dated:     September 7, 2011**              **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE

24

25

26

27

28